254

In re Appropriation for Highway Purposes: Masheter,
Director of Highways, Appellee, *v.* Junk et al., Appellants.

[Cite as Masheter, Dir. of Hwys., v. Junk, 5 Ohio St. 2d 254.]

(No. 39655—Decided March 23, 1966.)

*Mr. William B. Saxbe*, attorney general, *Mr. I. Charles Rhoads* and *Mr. Harry R. Paulino*, for appellee.
*Mr. Robert E. Wright*, for appellants.

ZIMMERMAN, J. Pursuant to Section 5519.01, Revised Code, the director in November 1962 entered on his journal that it was necessary to appropriate certain land of Loutie Junk and other owners in Madison County for the construction of a highway. Subsequent to the preliminary steps incident to a proceeding to appropriate land for highway purposes, the director on January 2, 1963, instituted an action in the Court of Common Pleas of Madison County to appropriate in fee simple a strip of about 16 acres of land belonging to the landowners, whereby there remained a residue of 42 acres on one side of the strip and a residue of 76 acres on the other side, also belonging to the landowners.

Later, when the matter came on for trial before the court and a jury, the cross-examination of an engineer for the Department of Highways disclosed that the resolution and finding filed by the director failed inadvertently and by mistake to describe a driveway under a bridge on the appropriated strip designed to enable the landowners to have connection between their 42-acre and 76-acre tracts.

Such accommodation driveway and the plan for its construction had always been embodied in the plans and specifications for the construction project. In fact, the director had already entered and taken possession of the 16-acre strip and had built the driveway as planned.

When the mistake became apparent through the engineer's testimony, a motion was made to dismiss the case without prejudice to enable the director to institute a new action, in which the mistake would be corrected. That motion was sustained and the jury dismissed. However, upon rehearing and reconsideration the court changed its mind, overruled the motion and, of its own accord, dismissed the new action, which the director had by then instituted and which corrected the mistake.

Faced by this dilemma, the director moved in the original case, which had not been formally dismissed, for leave to file an amended resolution and finding and a revised appropriation plat to correspond with the true facts. Such motion was overruled, and the director was thereby precluded. It was from such action by the trial court that an appeal was perfected to the Court of Appeals.

In reversing the judgment below, the Court of Appeals cited and relied on Section 2309.58, Revised Code, which provides that before or after judgment, in furtherance of justice, the court may amend any pleading, process, or proceeding in the broad instances enumerated, one of which is to correct mistakes, and that the trial court in refusing to allow the amendment was chargeable with an abuse of discretion.

The Court of Appeals pointed out that the landowners would not be prejudiced by allowing the amendment to correspond with the facts, and in all fairness the director was entitled to show the plan for the construction of the driveway as bearing on the amount the owners should be awarded for the property taken and the damage to the residue, viz., the 42 acres and the 76 acres described.

In an appropriation proceeding by the director, the public interest is involved as well as the interest of the owner, and the owner should not be allowed a possible windfall where he is not entitled to it. Of course, it is to be assumed that the director will act in good faith and honor the commitments made by way of helpful facilities to those whose land is being taken for, or whose remaining land is adversely affected by, the highway construction.

We agree with the Court of Appeals that here there was a final appealable order in a special proceeding affecting a substantial right of the director of which it could and should take cognizance.

We find no reversible error in the judgment of the Court of Appeals, and that judgment is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.