In re Appropriation for Hwy. Purposes of Lands of
Grunder et al. : Masheter, Dir. of Hwys., Appellant,
v. Grunder et al., Appellees.

12

(No. 3390—Decided December 7, 1968.)

Mr. *Frank Bodor* and Mr. *James E. Thorpe*, for appellees.

Mr. *William B. Saxbe*, attorney general, and Mr. *William M. Collins*, for appellant.

McLAUGHLIN, P. J. The appellant, Director of Highways, is herein referred to as the director; the appellees as the landowners.

This appeal on questions of law is from an order of the Common Pleas Court of Stark County denying the motion of the director to file an amended resolution and finding in an appropriation proceeding pending in that court.

The highway construction project, subject of this appropriation proceeding, involves the widening of U. S. Route 62, west of Alliance, upon which the landowners' residence property fronts to the south. The director's "take" is described as "containing 0.44 of an acre of land of which 0.19 of an acre is to be acquired, and 0.25 of an acre is within the existing highway right of way." The 0.19 of an acre to be acquired would move the new right-of-way line some 14 feet closer to the landowners' residence. In other words, it would shave about 14 feet off their front lawn. The landowners' house is still 73 feet from the new right-of-way line.

The controlling question for our decision is whether, in a proceeding to appropriate land for highway construction, it is reversible error for the trial court to deny the director's motion to amend his resolution and finding.

The original resolution and finding stated, in pertinent part:

"In the Matter of the Appropriation by the State of Ohio of the fee for Highway Purposes of the Lands of Betty Grunder, et al., and Necessary in the Construction and Improvement of Route No. U. S. 62, Section 28.93, Stark County, Ohio

No. 110663

Resolution and Finding

"Whereas, I have been unable to purchase certain hereinafter described property, needed in the construction and improvement of Route No. U. S. 62, Section 28.93, Stark County, Ohio, which highway has been declared a limited access highway of freeway, in accordance with Section 5511.02 of the Revised Code of Ohio, and recorded on August 2, 1962, in Volume 47, Page 791, of the Journal of the Director of Highways.

"Therefore, *I find it is necessary* for the public convenience and welfare and in accordance to Section 5501.11 of the Revised Code of Ohio, that action be taken under Section 5519.01 and related sections of the Revised Code of Ohio, *to appropriate,* in Fee Simple, the property hereinafter described *and in accordance with the plans and specifications on file in the Department of Highways, Columbus, Ohio,* from the following named owners:" (Emphasis ours.)

Three days before trial, the director filed a motion for permission to amend the resolution and finding by the following:

"1. By changing the heading thereof from the words Fee for Highway Purposes to Easement for Highway Purposes.

"2. By striking in the heading of the parcel description herein the term Parcel No. 62-wd (Highway) All Right, Title and Interest in the Following Described Property and inserting therein by way of substituting the following: Parcel No. 62 (Highway) Perpetual Easement for Highway Purposes.

"3. By adding at the end of the description thereof, the following words:

"Excepting therefrom that area contained therein which is already subject to easements for highway purposes for Freshley Avenue and for U. S. R. 62."

The director's motion to amend was filed on a Saturday. The trial was set for the following Tuesday. On the morning of the trial, prior to the impaneling of the jury, the trial court overruled the director's motion for leave to file the proposed amendment. It is from that order that this appeal is taken.

The director's position may be summarized as follows: That the proposed amendment would more properly show the intent of the highway department in accordance with the plans and specifications on file; and that the director's resolution and finding as originally filed, by inadvertence or mistake, called for a fee simple title, whereas the true situation, as show by the plans and specifications on file, calls for an easement for highway purposes over the property of the landowners in only the 14-foot strip or 0.19 of an acre.

The landowners' position may be summarized as follows: that the highway department had appropriated a fee simple title which included any and all access and reversionary rights, and that the plans and specifications on file are irrelevant and immaterial to the issue of just compensation.

The trial court adopted the landowners' position and allowed it to be espoused throughout the trial, (1) in the opening statement for the landowner; (2) in refusing to admit into evidence the plans and specifications; (3) in direct testimony of the landowners' expert appraiser; (4) in limiting the cross-examination of such appraiser so as to exclude any reference to the plans and specifications; and (5) in the landowners' argument to the jury. Proper objections and exceptions thereto were noted.

The trial court also gave the jury two special requests to charge in furtherance of the landowners' position, and in its general charge told the jury in effect that the "bundle

of rights" taken included all access and reversionary rights of the landowners. Again proper objections and exceptions were noted.

The appropriation of land for highway purposes is a special proceeding governed by Chapter 5519, Revised Code. Among the preliminary steps incident to such proceedings is the requirement of Section 5517.01 that "The Director of Highways shall make a map of the highway, in outline and profile, and plans, specifications, profiles, and estimates covering proposed projects. * * * and cause one copy thereof to be placed on file in his office and another in the office of the Division Deputy Director of Highways, for public inspection * * *."

Section 2309.58, Revised Code, provides:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, *or by inserting other allegations material to the case,* or, when the amendment does not *substantially* change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment." (Our emphasis.)

Under settled rules of law and procedure this case is a proceeding, and the resolution and finding of the director is a pleading under Section 5519.02, Revised Code. See also *In re Appropriation for Highway Purposes,* 104 Ohio App. 243, at page 247. Such proceeding and pleading must be given a liberal construction under Section 1.11, Revised Code, in furtherance of justice.

It is settled law that a motion for leave to amend this pleading and procedure is addressed to the sound discretion of the trial court. There can be no question that the trial court is empowered to permit the amendment sought here.

We, therefore, have examined the record to determine

whether the trial court, in overruling the director's motion for leave to amend, abused its discretion.

The record shows that before the opening statements counsel for the director again urged the trial court to reconsider and grant leave to file the proposed amendment, whereupon, the court stated in pertinent parts of a long dissertation:

"Let the record show that the court has been informed by counsel that they are obligated now in the approximate amount of $750.00 for appraisers.

"Let the record show that if the director is willing to agree in the record to pay to the property owners, as and for attorney fees, $1,000.00 which the court finds has been expended to date in this case plus a sum not to exceed $750.00 and not less than $500.00 for appraisal fee, depending upon a bill to be submitted, that the court will give the director leave to amend his resolution and finding. And, so there is no mistake about my wording having gotten into the record, it will be the order of the court that leave to amend will be given conditional upon the agreement of the director to pay these expenses previously enumerated.

"Let the record show that the court will allow the director to amend the resolution and finding provided the director agrees to pay reasonable appraisal fees and reasonable attorney fees to be determined by the court and this will leave the director in the position to put evidence on and to contest the dollar amount on reconsideration of this matter. I think it might be arbitrary for the court to fix the dollar amount, however, the court says to the director that leave of court will not be granted to amend unless the director agrees to pay the reasonable fee for attorneys and for the appraisal to the property owners to date."

The trial court's dissertation and the meticulous requirements and conditions it contained must have been prompted by this paragraph in Section 5519.02, Revised Code, which provides:

"* * * The director, if he has not occupied or changed the property appropriated, may, at any time but not later

than thirty days after the final determination of the cause, elect to abandon the appropriation proceedings upon the payment of the costs and reasonable attorney fees to be fixed by the court.''

This provision for abandonment of the appropriation proceedings has no application to the present case. The take of land had been occupied. It is authority for abandoning for all proceedings within its terms and to forego altogether the proposed construction.

We hold that the requirements and conditions imposed upon the director as a prerequisite for being allowed to file the proposed amendment were illegal, unjust, inequitable and not in furtherance of justice. They are arbitrary and constituted a gross abuse of discretion.

The trial court did permit the director to proffer the plans and specifications and in connection therewith to proffer the testimony of a highway department engineer. We quote excerpts from this engineer's proffered testimony.

''Q. Mr. Weinkauf, I will ask you as far as your proffer of testimony, from a study of the construction plans as they pertain to this property, what is going to occur in the area of the taking? A. First of all, this is not a portion of the limited access highway. There is no restrictions to the access.

''Q. Mr. Weinkauf from the construction plans, are there provisions to fence across the front of this property from the corner of Freshley Avenue to the east property line? A. No, sir, no fence of any kind.

''Q. State whether or not in the area of the driveway in the—from the construction plans, is there not fencing on the driveways? A. No fencing of any kind.

''Q. Mr. Weinkauf, as you look at the construction plans, is there any impairment of access to and from this property off U. S. 62, after construction is completed? A. No, sir. The existing drive will be replaced with similar drive in the same location except the new drive will be blacktop.''

The Supreme Court, in the case of *Masheter, Dir. of Hwys.*, v. *Junk* (1966), 5 Ohio St. 2d 254, in a unanimous

opinion written by Judge Zimmerman, has ruled upon the controlling question in this case. The syllabus reads:

"Where in a proceeding to appropriate land for the construction of a highway the Director of Highways inadvertently and by mistake omits a material element from his resolution and finding and an appropriation plat, which element was included in the plans for the construction project from the beginning and which is designed to benefit the landowner and the appropriating authority, the Court of Common Pleas on motion of the director should permit an amendment of such resolution and finding and the appropriation plat to correspond with the facts, in the interests of justice and to disclose the true situation with respect to the appropriated land and the landowner's adjacent property, if any."

And on page 256 in the opinion it is stated:

"In an appropriation proceeding by the director, the public interest is involved as well as the interest of the owner, and the owner should not be allowed a possible windfall where he is not entitled to it. Of course, it is to be assumed that the director will act in good faith and honor the commitments made by way of helpful facilities to those whose land is being taken for, or whose remaining land is adversely affected by, the highway construction."

In our opinion, and in all fairness, the director was entitled to show the plans and specifications for this highway construction project on file from the beginning. Such plans and specifications were designed for the benefit of the landowners and the appropriating authority.

In this particular case the landowners were allowed a windfall to which they were not entitled. The appraiser was allowed to give his estimate of damages based upon the landowners' losing all their access and reversionary rights. This was contra to what the plans and specifications called for. We, therefore, find reversible error in the judgment of the trial court in denying the director's motion for leave to file a proposed amendment and in its refusal to admit into evidence the plans and specifications on file from the beginning.

The trial court in its general charge instructed the

jury in effect that the property owners would lose all access and reversionary rights in the property taken. Such instruction was contrary to the amended resolution and finding of the director, which should have been permitted, and contrary to the plans and specifications, and the testimony of the state highway engineer relating thereto, which should have been admitted in evidence. Such instruction therefore constituted prejudicial error.

Both assignments of error will be sustained.

The judgment is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

VAN NOSTRAN, J., concurs.

RUTHERFORD, J. I concur in the judgment, in paragraph one of the syllabus, and in paragraph two of the syllabus when applied to the appropriation of an easement for highway purposes. Permitting the amendment to provide for an easement rather than fee simple title removes from our consideration at this time all questions as to the extent or purpose, if any, for which plans and specifications would be admissible where a fee simple title is appropriated. It no doubt was an oversight, but as a part of the requested amendment the words "Fee Simple" should also be stricken from the finding contained in the resolution and the words "an easement for highway purposes" substituted. *Query* as to the manner of preserving the right of the landowner, who did not take the deposit but appealed because he thought a fee simple title was being taken, to take the deposit following the amendment should he so elect; also, as to the right of the landowner to recover any expenses incurred by him attributable solely to the manner in which the resolution was filed prior to amendment? The Common Pleas Court, however, was in error in requiring the director to agree to pay any expenses as a condition precedent to the right to amend. If such were assessed by the court, it would be the right of the director to appeal, without having waived such right by being required to agree.